# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ADAM ORANDI,

          Plaintiff,

   v.

TRUTRADE L.L.C.,

          Defendant.

Case No.  1:25-cv-01245-JLT-SAB

FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

ORDER VACATING JUNE 24, 2026 HEARING

(ECF No. 30)

**OBJECTIONS DUE WITHIN FOURTEEN DAYS**

Pending before the Court is Defendant TruTrade L.L.C.'s motion to set aside the entry of default.  Having reviewed the motion, the Court finds this matter suitable for decision without oral argument.  See L.R. 230(g).  For the reasons set forth herein, the Court recommends granting Defendant's motion to set aside entry of default and directing the Clerk of Court to terminate Plaintiff's motion for default judgment as moot.

## I.

## BACKGROUND

On September 19, 2025, Plaintiff filed this action against Defendant.  (ECF No. 1.) Defendant did not respond to the complaint.  On October 22, 2025, Plaintiff requested an entry of default be entered against Defendant, and the Clerk of Court entered an entry of default the same

1

day.  (ECF Nos. 6, 7.)

On November 12, 2025, Plaintiff filed a motion for default judgment against Defendant. (ECF No. 13.)  Defendant did not file an opposition or otherwise appear.  The Court held a hearing on December 17, 2025, at which Defendant also failed to appear.  (ECF No. 14.)  During and following the hearing, the Court identified issues regarding service of process and diversity of citizenship and directed Plaintiff to submit supplemental briefing.  (ECF Nos. 14, 16.)  Plaintiff thereafter filed supplemental briefing.  (ECF Nos. 15, 17.)  The Court issued its findings and recommendation recommending that the motion for default judgment be denied without prejudice due to improper service and lack of subject matter jurisdiction.  (ECF No. 19.)  Plaintiff filed objections, and the District Judge adopted the undersigned's findings.  (ECF Nos. 20, 21.)

On April 8, 2026, Plaintiff filed a renewed motion for default judgment.  (ECF No. 23.) On May 13, 2026, the Court held a hearing with the courtroom open to the public.  (ECF No. 26.) Counsel Justin D. Harris and James R. Proctor III appeared on behalf of Plaintiff, and counsel Cynthia Stelzer appeared on behalf of Defendant.[1]  On May 15, 2026, Defendant filed a motion to set aside entry of default.  (ECF No. 30.)  Plaintiff filed an opposition on May 29, 2026.  (ECF No. 33.)  Defendant filed a reply on June 8, 2026.  (ECF No. 34.)

## II.

## LEGAL STANDARD

A party may have an entry of default set aside upon a showing of good cause.  Fed. R. Civ. P. 55(c).  In determining whether good cause exists, "the court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."  U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle (hereinafter "Mesle"), 615 F.3d 1085, 1091 (9th Cir. 2010) (internal punctuation and citations

---

[1] Counsel Cynthia Stelzer appeared on behalf of Defendant for the limited purpose of opposing Plaintiff's renewed application for default judgment and contesting jurisdiction, as Defendant's counsel, Matthew S. McLaughlin, had not yet obtained his certificate of good standing to appear before this Court.  The Court notes that Defendant's special notice of appearance was emailed to chambers only minutes before the hearing.  Counsel Matthew S. McLaughlin filed a notice of appearance following the hearing.  (ECF No. 27.)

omitted).  The moving party bears the burden of demonstrating that these factors favor setting aside the default.  Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004).

This standard is "disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default."  Mesle, 615 F.3d at 1091.  The choice, however, to set aside default even if one or more of the factors is met is within the Court's discretion.  Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111-12 (9th Cir. 2011).  "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."  O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)).  Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984).

### III.

### DISCUSSION

The Court addresses the Mesle factors below.

### A.    Prejudice to Plaintiff

A court may refuse to set aside an entry of default if doing so would prejudice the other party.  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled in part on other grounds by Egelhoff v. Egelhoff ex. Rel. Breiner, 532 U.S. 141 (2001).  Only tangible harm, such as the loss of evidence, complication of discovery, or the risk of fraud, will support the denial of a motion to set aside the entry of default.  Id.  A party is not prejudiced simply because it must litigate its claims on the merits.  Id.  Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered."  Id. (quoting Falk, 739 F.2d at 463).

Defendant argues that setting aside the default will not prejudice Plaintiff because the case

is still in the "infant stage" of litigation, and doing so would allow the matter to proceed on the merits. (ECF No. 30, p. 11.) Defendant further contends that there is no indication that evidence has been lost, that witnesses have become unavailable, or that discovery will be more difficult than if it had timely answered. (Id.) Plaintiff, however, asserts that he would be prejudiced if the default were set aside at this stage, as doing so would effectively require him to restart the litigation process after expending months of time, effort, and resources prosecuting this action. (ECF No. 33, pp. 14-15.)

The Court finds no legally cognizable prejudice to Plaintiff. Default judgment has not been entered, Defendant has appeared, and the matter can proceed on the merits. Setting aside the default will merely return the parties to the position they were prior to Defendant's failure to respond. TCI Group, 244 F.3d at 701. Thus, this factor weighs in favor of setting aside the default judgment.

### B.    Meritorious Defense

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. TCI Group, 244 F.3d at 700. However, the burden on a defendant is not extraordinarily heavy. Id. Indeed, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense."

Defendant contends that it has several meritorious defenses to this action: 1) contractual limitation of liability; 2) forum selection clause; 3) disputed performance; and 4) disputed damages. (ECF No. 30, pp. 9-10.) First, Defendant argues that the parties' agreement contains a limited liability provision that Defendant will not be liable under any legal or equitable theory in certain circumstances. (Id. at p. 9; ECF No. 34, p. 6.) Second, Defendant contends that the agreement contains a Nevada forum selection clause, which presents a legitimate basis for challenging jurisdiction and venue. (ECF No. 30, pp. 9-10; ECF No. 34, p. 6.) Third, Defendant asserts that it provided services consistent with the terms of the agreement. (ECF No. 30, p. 10; ECF No. 34, p. 7.) Lastly, Defendant argues that any entitlement to damages is precluded by the

4

agreement's limitation of liability provisions.  (ECF No. 30, p. 10.)  Plaintiff responds that Defendant has failed to articulate specific facts establishing a meritorious defense and instead relies upon speculative and undeveloped defenses.  (ECF No. 33, pp. 12-14.)

The Court finds that Defendant has shown potentially meritorious defenses and has therefore met its minimal burden.  At this stage, Defendant is not required to prove its defenses; rather, it need only present facts that, if proven, would constitute a defense.  Here, Defendant has identified specific contractual provisions, factual disputes, and legal challenges to jurisdiction and venue.  Accordingly, the Court finds this factor weighs in favor of setting aside the entry of default.

### C.      Culpable Conduct

Lastly, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."   Mesle, 615 F.3d at 1092. "Intentional" conduct in this sense means "willful, deliberate, or . . . [in] bad faith," rather than neglectful.  TCI Group, 244 F.3d at 697-98.  "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional.'"  Id.

Defendant asserts that it never received notice of the complaint and that its failure to respond was therefore not the result of intentional conduct.  (ECF No. 30, pp. 7-9.)  Plaintiff claims that service was properly effectuated on Defendant's registered agent and that Plaintiff is not required to prove that Defendant's registered agent subsequently forwarded the complaint to the Defendant's principals.  (ECF No. 33, pp. 5-9.)

The Court finds Plaintiff's argument well-taken.  To be sure, proper service may establish notice for purposes of default, but it does not, without more, demonstrate that Defendant's failure to respond was intentional.  Moreover, the Court previously determined that setting aside default would not be prejudicial to Plaintiff and that Defendant has alleged potential meritorious defenses.  In light of the Court's broad discretion and preference for resolving cases on their

merits, the Court finds that setting aside the default is appropriate.

In sum, the Court finds that the <u>Mesle</u> factors weigh in Defendant's favor and recommends that Defendant's motion to set aside entry of default be granted.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to set aside default judgment (ECF No. 30) be GRANTED;

2. The Clerk's entry of default (ECF No. 7) be SET ASIDE;

3. Plaintiff's renewed motion for default judgment (ECF No. 23) be DENIED AS MOOT; and

4. Defendant be DIRECTED to file a responsive pleading within fourteen (14) days following any order adopting these Findings and Recommendations.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 12, 2026**                        _____

STANLEY A. BOONE
United States Magistrate Judge